# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**HOSAN AZOMANI,**                                                            **PLAINTIFF,**

**VS.**                                                     **CIVIL ACTION NO. 4:07CV18-P-B**

**RAY HUMPHREYS, CEO AND**
**DELTA REGIONAL MEDICAL**
**CENTER,**                                                                   **DEFENDANTS.**

## ORDER

This matter comes before the court upon the Plaintiff's Motion Objecting the Defendant's Proposed Order [8-1]. After due consideration of the motion, the response filed thereto, and the transcript of the subject hearing on January 29, 2007, the court finds as follows, to-wit:

After a hearing on the plaintiff's Verified Complaint for Temporary Restraining Order and Preliminary Injunction held on January 29, 2007 during which all parties were present with their counsel, the parties agreed to allow the defendants to review the medical records of the plaintiff from December 22, 2006 to January 5, 2007 as well as a letter from the plaintiff's own doctor, Dr. Eko, stating that the plaintiff was medically capable and physically capable of returning to work. The court then ordered the parties to submit an order requiring the plaintiff to fax to the Medical Executive Committee these documents within 24 hours of entry of the order.

The defendants submitted a proposed order to the plaintiff who then disagreed that he had agreed during the hearing to provide the medical records and the letter. Thereafter, the plaintiff filed the instant motion objecting to the defendant's proposed order on the grounds that the proposed order is broader in scope than what the court actually suggested to the parties and that "the Court's

1

directives recognized the Plaintiff's need for privacy, and did not indicate that a complete record would be forwarded to a full committee."

Having reviewed the transcript of the subject hearing, the court concludes that the plaintiff and his counsel agreed to submit his medical records created during his medical leave from December 22, 2006 and January 5, 2007 as well as a letter from his physician. The following excerpts illustrate this agreement:

>THE COURT:    How long would it take to get the medical records?
>
>MR. HAWKINS:    Dr. Azomani, do you have any idea how long it would take to have something faxed to the hospital in the way of a medical record?
>
>DR. AZOMANI:    It could be done within a week.
>
>MR. HAWKINS:    Just within the next couple of days. It shouldn't be a problem.
>
>THE COURT:    Why can't we get those then?
>
>MR. SILER:    That would be fine for us, Your Honor. My client is telling me, Your Honor, that from their point of view, they want the letter from the physician because he needs to state his opinion that Dr. Azomani is competent to return to work. But that's – it seems to me not to be of a major request on this. But we would be delighted to see the records and if we had just a one sentence letter from his physician saying he was medically capable and physically capable of returning to work, that would satisfy us completely.

\*\*\*

| | |
|---|---|
| THE COURT: | Why don't we do this? Let's get – let's see how long it would take. Get on the phone, and I'm going to suggest that a copy of the medical records and a, if possible, a letter from the physician. And I think it should be giving diagnosis, prognosis, et cetera, anything else, and the physician's opinion of Dr. Azomani to return to his usual customary duties, be faxed to Delta Regional – now, let's get this as private as we can. How does it come, Mr. Humphreys? What's the most private way to get it to you or get it to the board? |
| MR. HUMPHREYS: | The medical executive – |
| THE COURT: | MEC, excuse me. |
| MR. HUMPHREYS: | The most private way to get it – I guess there's a variety of approaches, you know, a certified letter, or – |
| THE COURT: | I don't want a certified letter. ... I want it faxed. |
| MR. HAWKINS: | Yes, Your Honor. |
| THE COURT: | I mean, I want it done now. |
| MR. HUMPHREYS: | We can fax it directly to our Medical Staff Office. |
| THE COURT: | All right. |
| MS. WILBURN: | No one else has access to that fax machine. |
| THE COURT: | All right. I'm going to direct that it be faxed as soon as it can |

|||
|---|---|
| | be prepared, and that is anticipating within the next 24 hours, that it be faxed to the – |
| MR. HAWKINS: | Medical Staff Office. |
| THE COURT: | Right. At Delta Regional. That an immediate review be made by their committee and/or the board as far as a recommendation. That an announcement be made thereafter in private to Dr. Azomani. That all other matters – excuse me. Let me back up. When I say that announcement, I'm talking about a determination by the board or the MEC as to whether or not he can return immediately to duty. That all other matters relating to this proceeding be continued to a date certain for a trial on the merits if necessary. If that is done, I expect, of course, an answer from the defendants. I expect full briefing on all matters and any claims for – relative to any issues here will be deferred until that time. Gentlemen, is that workable? |
| MR. SILER: | I believe it is, Your Honor. |
| MR. HAWKINS: | I believe it is, Your Honor. |
| THE COURT: | All right. Let's do it, gentlemen. Now, Mr. Hawkins, is what we've talked about, it that acceptable to you in all regards? |
| MR. HAWKINS: | Yes, Your Honor. |

| | |
|---|---|
| THE COURT: | Is that acceptable to you, sir? |
| MR. SILER: | Yes, sir. |
| THE COURT: | Okay. Let's – I'm going to aks you to do this for me if you will. Of course, we have the minutes here. But I would ask that you would submit to me an order that would conform to what this agreement is, have it signed off by both counsel. And then – I truly believe that this is going to resolve the matter. If it doesn't, like I said, I will try to give you a hearing. My docket is – my cup runneth over, gentlemen, with cases, I will tell you that. And if I do give you a hearing sometime between now and then, it would probably be on a very short notice. |
| MR. HAWKINS: | Yes, Your Honor. |
| THE COURT: | Okay. Anything else we need to do at this time? |
| MR. HAWKINS: | No, Your Honor. |
| THE COURT: | We'll be in recess. |
| MR. SILER: | Thank you, Your Honor. |
| | (Court adjourned at 10:05 a.m.). |

Transcript, pp. 19-24.

Accordingly, the court concludes that the proposed order submitted by the defendants in fact reflects the agreement of parties during the subject hearing. Such an agreement made in open court is binding.

5

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion Objecting the Defendant's Proposed Order [8-1] is **DENIED**.

**SO ORDERED** this the 5th day of February, A.D., 2007.

                                                /s/ W. Allen Pepper, Jr.
                                                W. ALLEN PEPPER, JR.
                                                UNITED STATES DISTRICT JUDGE